3362 TEH

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Michael Drumm | Morningstar, Inc. |

| **(b)** County of Residence of First Listed Plaintiff  San Francisco, CA | County of Residence of First Listed Defendant  Chicago, IL |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED. |

| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>William Gaus<br>Dillingham & Murphy LLP<br>225 Bush Street, 6th Floor<br>San Francisco, CA 94104-4207<br>415-397-2700 | Attorneys (If Known)<br>Michael E. Wilbur<br>Cook Roos Wilbur Thompson LLP<br>221 Main Street, Suite 1600<br>San Francisco, CA  94105<br>415-362-7071 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motion to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332, 28 U.S.C. sections 1441 and 1446: This is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ 0.00     CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| July 11, 2008 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

ORIGINAL

NDC-JS44

1 | COOK | ROOS | WILBUR | THOMPSON LLP
MICHAEL E. WILBUR, CBN 152361
2 | 221 Main Street, Suite 1600
San Francisco, California 94105
3 | Telephone:    415-362-7071
Facsimile:    415-362-7073
4
Attorneys for Defendant
5 | MORNINGSTAR, INC.

FILED

'08 JUL 11 PM 3: 04

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11 | **CV 08 3362**

12 | MICHAEL DRUMM,                          ) Case No.:
                                             )
13 |           Plaintiff,                     )
                                             )   **TEH**
14 |     v.                                   )   **NOTICE OF REMOVAL**
                                             )
15 | MORNINGSTAR, INC. and DOES 1-10          )
   inclusive,                                )
16 |                                          )
                                             )
17 |           Defendants.                    )
                                             )
   _____  )
18

19 |     Defendant Morningstar, Inc., pursuant to 28 U.S.C. §§ 1441 and 1446, submits this Notice of

20 | Removal of this lawsuit to the United States District Court for the Northern District of California, and

21 | states:

22 |     1.      On June 9, 2008 Plaintiff Michael Drumm filed a lawsuit against Morningstar, Inc. in

23 | the Superior Court of the County of San Francisco, designated as Case No. CGC 08-476132.

24 | Morningstar, Inc. was served with the Summons and Complaint on June 13, 2008.  Copies of the

25 | process and pleadings served on Morningstar, Inc. are attached to this Notice as Exhibit 1.

26 |     2.      Morningstar, Inc. is an Illinois corporation, organized under the laws of the State of

27 | Illinois, with its principal place of business in Illinois.  Accordingly, for purposes of 28 U.S.C. §

28 | 1332(c)(1), Morningstar, Inc. is a citizen of the State of Illinois.

**ORIGINAL**

1    3.    Upon information and belief, Plaintiff is now, and was at the time this action was
2    filed, a citizen and resident of California.

3    4.    This lawsuit is a civil action alleging claims under Cal. Govt. Code 12940, Cal. Labor
4    Code §§ 201 and 203 and California "public policy."

5    5.    This lawsuit is removable under 28 U.S.C. §§ 1441 and 1446 in that it is a civil action
6    between citizens of different states and the matter in controversy exceeds the sum of $75,000.00,
7    exclusive of interest and costs, as Plaintiff seeks damages "for lost compensation, pain and suffering
8    in excess of $10 million[.]" Moreover, in his Complaint, Plaintiff acknowledges that Morningstar,
9    Inc. is a corporation "headquartered in Chicago, Illinois," thereby acknowledging the diversity of the
10   parties. Accordingly, jurisdiction in this Court is appropriate over Plaintiff's Complaint under 28
11   U.S.C. § 1332, and removal is authorized by 28 U.S.C. §§ 1441 and 1446.

12   6.    Fewer than 30 days have passed since Morningstar, Inc. received the lawsuit by
13   service of process. Accordingly, the deadline for filing this Notice of Removal under the statutes of
14   the United States has not expired.

15   7.    On July 10, 2008 defendant Morningstar, Inc. filed an Answer in the Superior Court.
16   A copy of the Answer is attached hereto as Exhibit 2.

17   8.    A copy of this Notice of Removal has been filed in the Superior Court of the County
18   of San Francisco.

19   Dated: July 11, 2008.

20                                    COOK | ROOS | WILBUR | THOMPSON LLP

21

22
                                     By
23
                                         MICHAEL E. WILBUR
24                                       Attorneys for Defendant
                                         MORNINGSTAR, INC.
25

26   P071008sjsNoticeofRemoval.doc

27

28

DRUMM v. MORNINGSTAR, INC.                                    NOTICE OF REMOVAL
CASE NO.                        2

1

## PROOF OF SERVICE VIA U.S. MAIL

2

3      I, the undersigned, declare that I am, and was at the time of service of the papers herein

4   referred to, over the age of 18, and not a party to the action.  I am employed in the City and County of

5   San Francisco, State of California, in which county the within-mentioned mailing occurred.  My

6   business address is that of Cook | Roos | Wilbur | Thompson LLP, 221 Main Street, Suite 1600, San

7   Francisco, California 94105.

8      On July 11, 2008, I served a true copy of the attached document titled exactly **NOTICE OF**

9   **REMOVAL** by placing it in a sealed envelope and depositing it in the United States mail, first class

10  postage fully prepaid, addressed to the following:

11      William Gaus
        Barbara L. Harris Chiang
12      Dillingham & Murphy LLP
        225 Bush Street, 6th Floor
13      San Francisco, CA 94104-4207

14      I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 11,

15  2008 at San Francisco, California.

16

17

18                                          _Sandra Savage_
19                                              Sandra Savage

20

21

22

23

24

25

26

27

28
    CASE NO.  Drumm v. Morningstar, Inc.                          PROOF OF SERVICE
    CASE NAME                                                      BY U.S. MAIL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address): | FOR COURT USE ONLY |
|---|---|

William Gaus (SBN 54999)
Dillingham & Murphy, LLP
225 Bush Street, Sixth Floor

San Francisco, CA 94104
TELEPHONE NO.: 415-397-2700    FAX NO.: 415-397-3300
ATTORNEY FOR (Name): Plaintiff Michael Drumm

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

**ENDORSED FILED**
Superior Court of California
County of San Francisco

JUN 9 – 2008

**GORDON PARK-LI, Clerk**
BY: CRISTINA BAUTISTA
Deputy Clerk

CASE NAME: DRUMM v. MORNINGSTAR, INC. and DOES 1-10, Inclusive

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CGC-08-476132 JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify):

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 9, 2008

William Gaus (SBN 54999)
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MORNINGSTAR, INC. and DOES 1-10, Inclusive

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL DRUMM

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court<br>400 McAllister Street<br><br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*  CGC - 08 - 476132 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Gaus (SBN 54999)          415-397-2700    415-397-3300
Dillingham & Murphy, LLP
225 Bush Street, Sixth Floor
San Francisco, CA 94104

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)*  JUN 9 - 2008 | GORDON PARK-LI<br>*(Secretario)* CHISTINA E. BAUTISTA | , Deputy<br>*(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MORNINGSTAR, INC.

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |


Legal Solutions Plus

COPY

ENDORSED
Superior Court of California
County of San Francisco

JUN 9 - 2008

GORDON PARK-LI, Clerk
CASE MANAGEMENT CONFERENCE BAUTISTA
Deputy Clerk

NOV 7 - 2008 - 9:00 AM

DEPARTMENT 212

1  DILLINGHAM & MURPHY, LLP
   WILLIAM GAUS (SBN 054999)
2  BARBARA L. HARRIS CHIANG (SBN 206892)
   225 Bush Street, 6th Floor
3  San Francisco, California 94104-4207
   Telephone:    (415) 397-2700
4  Facsimile:    (415) 397-3300

5  Attorneys for Plaintiff
   MICHAEL DRUMM

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  CITY AND COUNTY OF SAN FRANCISCO

10  MICHAEL DRUMM,                          CASE NO.  0 8 - 4 7 6 1 3 2

11            Plaintiff,                    COMPLAINT FOR DISCRIMINATION,
                                            TERMINATION IN VIOLATION OF
12       v.                                 PUBLIC POLICY,  AND UNPAID
                                            WAGES
13  MORNINGSTAR, INC. and DOES 1-10,
    INCLUSIVE,
14

15            Defendants.                   JURY TRIAL DEMANDED

16

17       COMES NOW Plaintiff MICHAEL DRUMM ("Plaintiff") and hereby complains and

18  alleges as follows:

19                              **PARTIES**

20       1.      Plaintiff is a citizen of the State of California, and is a resident of the City and

21  County of San Francisco.

22       2.      Plaintiff is informed and believes that Defendant MORNINGSTAR, INC.

23  ("Defendant MORNINGSTAR") is a corporation with its headquarters in Chicago, Illinois.

24  Plaintiff worked for Morningstar from his home office in San Francisco, California.

25       3.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

26  Does and therefore sue these Defendants by such fictitious names.  Plaintiff will amend upon

27  ascertainment of true names or capacities.  Plaintiff is informed and believes that the fictitiously-

28  named Defendants are responsible in some manner for the occurrences herein alleged and that

Page 1 – Case No.
Complaint For Discrimination, Wrongful Termination and Unpaid Wages

1    Plaintiffs' damages as herein alleged were proximately caused by or contributed to by such

2    Defendants.

3                                **JURISDICTION AND VENUE**

4        4.        This Court has jurisdiction over this action. Venue is appropriate in the Superior

5    Court of California, County of San Francisco because the unlawful employment practices

6    complained of herein were committed in the City and County of San Francisco, and is also the

7    county in which Plaintiff worked.

8                         **FACTS COMMON TO ALL CAUSES OF ACTION**

9        5.        Plaintiff hereby incorporates by reference paragraphs 1 through 4 of this

10   Complaint and make them part of this instant cause of action as though fully set forth herein.

11       6.        Plaintiff was employed by Defendant MORNINGSTAR beginning or about

12   December 2001 through October 31, 2007, in San Francisco, California as a Sales Director in the

13   Institutional Data SBU.

14       7.        From the beginning of plaintiff's employment to the end he was among the top

15   performers in his position. In many of his performance evaluations, plaintiff was the top

16   performer among all of the Institutional Sales Directors. Prior to his termination plaintiff had no

17   warnings, suspensions or other disciplinary proceedings. Additionally, in the last two years of his

18   employment, plaintiff received year-end performance bonuses for outstanding sales results.

19       8.        One of plaintiff's largest accounts was up for renewal on or about October 31,

20   2007. Plaintiff conducted substantially all of the negotiations for this renewal over an extended

21   period of time prior to October 31, 2007, resulting in an agreement over a new contract worth in

22   excess of $6,000,000 to MORNINGSTAR. The amount of the commission to plaintiff would be

23   approximately $100,000.00.

24       9.        In mid-October, 2007, plaintiff's sales manager informed him that he would be

25   removed from the account. The account was given to another Sales Director who did not add any

26   substantive terms to the renewal agreement. Two weeks later, plaintiff was informed, by his sales

27   manager, that his employment with MORNINGSTAR was terminated. He was given no warning,

28   or severance, or payment for unused vacation.

Page 2 – Case No.
Complaint For Discrimination, Wrongful Termination and Unpaid Wages

10.     At the time of his termination, Plaintiff was the top performer among institutional directors excluding the account referred to in paragraph 8, earning in a mid six-figure income. Plaintiff's termination drastically reduced his earning potential.

11.     MORNINGSTAR has averred that it discovered romantic email correspondence, sent outside of normal work hours between plaintiff and another male, suggesting a romantic relationship. MORNINGSTAR has averred that this correspondence showed a "distraction from his work in the months prior to his termination."

12.     The above-recited unlawful actions of Defendants were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights under the Fair Employment and Housing Act ("the FEHA").

13.     On June 6, 2008, and within one year of the date of the discrimination committed by Defendant, Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"). A copy of this charge is attached hereto, marked Exhibit A, and is incorporated by reference.

14.     On June 6, 2008 the DFEH issued to Plaintiff a notice of right to bring a civil action against Defendant MORNINGSTAR based on the charge that is Exhibit A to this complaint. A copy of the notice of right of action is attached hereto, marked Exhibit B, and incorporated by reference.

15.     MORNINGSTAR failed to pay plaintiff commission in excess of $100,000.00 that were due and owing on the date of termination. To date MORNINGSTAR has failed to compensate plaintiff for the outstanding commissions.

16.     As of October 31, 2007, plaintiff had accrued six weeks of vacation, which MORNINGSTAR failed to pay at the time of discharge. To date MORNINGSTAR has failed to compensate plaintiff for six weeks of accrued vacation.

## FIRST CAUSE OF ACTION

### (DISCRIMINATION)

17.     Plaintiff hereby incorporates by reference paragraphs 1 through 16 of this Complaint and make them part of this instant cause of action as though fully set forth herein.

Page 3 – Case No.
Complaint For Discrimination, Wrongful Termination and Unpaid Wages

18.    The actions complained of constitute discrimination in violation of Cal. Govt. Code § 12940.

## SECOND CAUSE OF ACTION

## (FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION)

19.    Plaintiff hereby incorporates by reference paragraphs 1 through 18 of this Complaint and make them part of this instant cause of action as though fully set forth herein.

20.    The actions complained of constitute a failure to take all reasonable steps to prevent harassment from occurring in violation of California Government Code § 12940.  Furthermore, before the harassment occurred, MORNINGSTAR failed to take all reasonable steps to prevent such harassment from occurring.

## THIRD CAUSE OF ACTION

## (TERMINATION IN VIOLATION OF PUBLIC POLICY)

21.    Plaintiff hereby incorporates by reference paragraphs 1 through 20 of this Complaint and make them part of this instant cause of action as though fully set forth herein.

22.    The actions complained of constitute termination in violation of public policy.

## FOURTH CAUSE OF ACTION

## (FAILURE TO MAKE IMMEDIATE PAYMENT OF WAGE UPON DISCHARGE,

## WAITING TIME PENALTIES, LABOR CODES 201 AND 203)

23.    Plaintiff hereby incorporates by reference paragraphs 1 through 22 of this Complaint and make them part of this instant cause of action as though fully set forth herein.

24.    MORNINGSTAR willfully and intentionally failed to pay wages earned and unpaid at the time of plaintiff's discharge. Plaintiff is entitled to unpaid compensation, but to date has not received such compensation.

25.    Additionally, MORNINGSTAR willfully and intentionally failed to pay commissions that became due and owing after plaintiff's termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For damages for lost compensation, pain and suffering in excess of $10 million

Page 4 – Case No.
Complaint For Discrimination, Wrongful Termination and Unpaid Wages

1      dollars;

2      2.    For punitive damages in an amount to be determined at trial;

3      3.    For interest on the sum of damages awarded, calculated from October 31, 2007 to

4            the date of judgment;

5      4.    For waiting time penalties;

6      5.    For reasonable attorneys' fees and cost of suit incurred herein, and

7      6.    For such other relief as the court deems proper.

8      Dated: June 9, 2008                        DILLINGHAM & MURPHY, LLP
9                                                 WILLIAM GAUS
                                                  BARBARA L. HARRIS CHIANG
10

11
                                        By:
12                                               Attorneys for Plaintiff
                                                 MICHAEL DRUMM
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 5 – Case No.
Complaint For Discrimination, Wrongful Termination and Unpaid Wages

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT**

DFEH #     **E200708A5161-00**

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **DRUMM, MICHAEL** | **(415)859-9409** |

| ADDRESS |
|---|
| **69 MIZPAH STREET** |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **SAN FRANCISCO, CA 94131** | **SAN FRANCISCO** | **075** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **MORNINGSTAR, INC.** | **(415)859-9409** |

| ADDRESS | DFEH USE ONLY |
|---|---|
| **69 MISPAH STREET** | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **SAN FRANCISCO, CA 94131** | **SAN FRANCISCO** | **075** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| **1500** | **10/31/2007** | **00** |

**THE PARTICULARS ARE:**

I allege that on **10/31/2007** ,
the following conduct occurred:

- _X_ termination
- ____ laid off
- ____ demotion
- ____ harassment
- ____ genetic characteristics testing
- ____ constructive discharge (forced to quit)
- ____ impermissible non-job-related inquiry

- ____ denial of employment
- ____ denial of promotion
- ____ denial of transfer
- ____ denial of accommodation
- _X_ failure to prevent discrimination or retaliation
- ____ retaliation
- ____ other (specify) _____

- ____ denial of family or medical leave
- ____ denial of pregnancy leave
- ____ denial of equal pay
- ____ denial of right to wear pants
- ____ denial of pregnancy accommodation

by     **MORNINGSTAR, INC.**

Name of Person     Job Title (supervisor/manager/personnel director/etc.)

because of :

- ____ sex
- ____ age
- ____ religion
- ____ race/color

- ____ national origin/ancestry
- ____ marital status
- _X_ sexual orientation
- ____ association

- ____ disability (physical or mental)
- ____ medical condition (cancer or genetic characteristic
- ____ other (specify) _____

- ____ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination

MORNINGSTAR TERMINATED ME AFTER DISCOVERING EMAIL CORRESPONDENCE SENT OUTSIDE OF NORMAL WORK HOURS BETWEEN ME AND ANOTHER MALE, SUGGESTING A ROMANTICE RELATIONSHIP. MORNINGSTAR CLAIMS THAT THIS CORRESPONDENCE SHOWED A "DISTRACTION FROM [MY] WORK IN THE MONTHS PRIOR TO [MY] TERMINATION."

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated **06/06/2008**

At   **San Francisco**

DATE FILED:  **06/06/2008**

Ex  B

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

1515 Clay Street, Suite 701
(510) 622-2973
www.dfeh.ca.gov



June 06, 2008

DRUMM, MICHAEL
69 MIZPAH STREET
SAN FRANCISCO, CA 94131

RE:  E200708A5161-00
     DRUMM/MORNINGSTAR, INC.

Dear DRUMM, MICHAEL:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department
of Fair Employment and Housing (DFEH) has been closed effective June 06, 2008 because
an immediate right-to-sue notice was requested. DFEH will take no further action on the
complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment agency
named in the above-referenced complaint. The civil action must be filed within one year
from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Herbert Yarbrough
District Administrator

cc:   Case File

JOE MANSUETO
CEO
MORNINGSTAR, INC.
225 WEST WACKER DR.
CHICAGO, IL 60606

DFEH-200-43 (06/06)

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **NOV-07-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order
**without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212
twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

1  COOK | ROOS | WILBUR | THOMPSON LLP
   MICHAEL E. WILBUR, CBN 152361
2  221 Main Street, Suite 1600
   San Francisco, California 94105
3  Telephone:    415-362-7071
   Facsimile:    415-362-7073
4

5  Attorneys for Defendant
   MORNINGSTAR, INC.
6

7

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 1 0 2008

GORDON PARK-LI, Clerk
BY: _____ WILLIAM TRUPEK _____
Deputy Clerk

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SAN FRANCISCO

10  MICHAEL DRUMM,                          )  Case No.: CGC 08-476132
                                            )
11             Plaintiff,                    )
                                            )  **DEFENDANT'S ANSWER TO**
12      v.                                   )  **COMPLAINT**
                                            )
13  MORNINGSTAR, INC. and DOES 1-10          )
    inclusive,                               )
14                                           )
               Defendants.                   )
15  _____)

16       Defendant Morningstar, Inc. hereby answers the unverified Complaint of Plaintiff Michael

17  Drumm and each and every cause of action therein, as follows:

18       Pursuant to California Code of Civil Procedure § 431.30, Defendant denies generally each and

19  every allegation contained in the Complaint. Defendant further specifically denies that Plaintiff has

20  been damaged in any sum whatsoever, or that he is entitled to the relief requested or any other relief.

21  Defendant further specifically denies that it is liable to Plaintiff under any claim of relief asserted by

22  him. Defendant further denies that Plaintiff sustained any injury, damage or loss, if any, by reason of

23  any act, omission, or negligence on the part of Defendant, or any agent, servant, or employee of

24  Defendant.

25                         **AFFIRMATIVE DEFENSES**

26       Without admitting that it engaged in any of the conduct alleged by Plaintiff, Defendant asserts

27  the following affirmative defenses:

28

                                            1

COPY                                                              380955.1

1

### FIRST AFFIRMATIVE DEFENSE

2

(Failure to State a Cause of Action)

3    1.    Defendant asserts that neither the Complaint, nor any purported cause of action

4  alleged therein against Defendant, states facts sufficient to constitute a cause of action against

5  Defendant.

6

### SECOND AFFIRMATIVE DEFENSE

7

(Mitigation of Damages)

8    2.    Defendant asserts, on information and belief, that Plaintiff's claims for damages in the

9  form of backpay and benefits are barred by Plaintiff's failure to diligently seek other employment or

10  to otherwise mitigate his damages.

11

### THIRD AFFIRMATIVE DEFENSE

12

(Failure to Exhaust Administrative Remedies)

13    3.    Defendant asserts that Plaintiff's Complaint, and each purported claim for relief

14  alleged therein, is barred, in whole or in part, to the extent that Plaintiff failed to exhaust his

15  administrative remedies as to Defendant.

16

### FOURTH AFFIRMATIVE DEFENSE

17

(Punitive Damages)

18    4.    Defendant asserts that Plaintiff's Complaint, and each purported cause of action

19  alleged therein, fails to allege facts sufficient to allow recovery of punitive or exemplary damages

20  against Defendant.

21

### FIFTH AFFIRMATIVE DEFENSE

22

(Protection From Excessive Fines)

23    5.    Defendant asserts that Plaintiff's Complaint, to the extent it seeks punitive or

24  exemplary damages, violates the right of Defendant to protection from "excessive fines" as provided

25  in article I, section 17 of the Constitution of the State of California, and violates the right of

26  Defendant to substantive due process as provided in the Fifth and Fourteenth Amendments of the

27  United States Constitution and in the California Constitution, and therefore fails to state a claim upon

28  which punitive or exemplary damages may be awarded.

380955.1

1

## SIXTH AFFIRMATIVE DEFENSE

2

(Procedural Due Process)

3      6.      Defendant asserts that Plaintiff's Complaint, to the extent that it seeks punitive or

4  exemplary damages, violates the right of Defendant to procedural due process under the Fourteenth

5  Amendment of the United States Constitution and under the Constitution of the State of California,

6  and therefore fails to state a claim upon which punitive or exemplary damages may be awarded.

7

## SEVENTH AFFIRMATIVE DEFENSE

8

(Limitations Period)

9      7.      Defendant asserts that Plaintiff's Complaint, and each purported claim for relief

10  alleged therein, is barred to the extent that it seeks recovery for conduct outside the applicable

11  limitations period, including, but not limited to, California Government Code section 12960(d).

12

## EIGHTH AFFIRMATIVE DEFENSE

13

(Estoppel)

14      8.      Defendant asserts that Plaintiff's Complaint and each and every cause of action

15  alleged therein is barred because any of the conduct that is alleged to be actionable was taken as a

16  result of conduct by the Plaintiff and Plaintiff is thus estopped to assert any cause of action against

17  Defendant.

18

## NINTH AFFIRMATIVE DEFENSE

19

(Acts and Omissions)

20      9.      Defendant asserts that Plaintiff's Complaint and each and every cause of action

21  alleged therein is barred because Plaintiff caused, contributed to, or increased by his own actions or

22  omissions any damages he is claiming to have suffered as a result of Defendant's alleged acts.

23

## TENTH AFFIRMATIVE DEFENSE

24

(After-Acquired Evidence)

25      10.      Defendant asserts that any recovery on Plaintiff's Complaint, and each purported

26  cause of action alleged therein, is barred or reduced by after-acquired evidence of Plaintiff's

27  misconduct that has been or may be discovered.

28

3

ANSWER

380955.1

1    **ELEVENTH AFFIRMATIVE DEFENSE**

2                                    (Mixed Motive)

3    11.    Defendant alleges that, to the extent that unlawful reasons were motivating factors,

4    which Defendant denies, legitimate reasons, standing alone, would have induced Defendant to make

5    the same employment decisions.

6    **TWELFTH AFFIRMATIVE DEFENSE**

7                                    (Setoff)

8    12.    Defendant alleges that, to the extent Plaintiff recovers any monies from collateral

9    sources, Defendant is entitled to a setoff against any damages Plaintiff would otherwise recover.

10    **ADDITIONAL AFFIRMATIVE DEFENSES**

11    Defendant hereby further gives notice that it intends to rely on such other and further defenses

12    as may become available during discovery in this action.  Defendant reserves the right to amend its

13    answer to assert any such defenses.

14    **WHEREFORE**, Defendant prays as follows:

15    1.    That Plaintiff take nothing by reason of his Complaint in this action and that

16          the Complaint be dismissed with prejudice;

17    2.    That judgment be entered in favor of Defendant;

18    3.    That Defendant be awarded its costs of suit and attorney's fees incurred in

19          defense of this action, as allowable by law; and

20    4.    For such other and further relief as the court deems just and proper.

21

22    Dated:  July 10, 2008.

23                                    COOK | ROOS | WILBUR | THOMPSON LLP

24

25                              By

26                                    MICHAEL E. WILBUR
                                      Attorneys for Defendant
27                                    MORNINGSTAR, INC.

28    Answer

                                    4
                                  ANSWER

                                                        380955.1

Case Name:    <u>Michael Drumm v. Morningstar, Inc.</u>
Case No:      CGC-08-476132

### PROOF OF SERVICE VIA U.S. MAIL

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of 18, and not a party to the action. I am employed in the City and County of San Francisco, State of California, in which county the within-mentioned mailing occurred. My business address is that of Cook│Roos│Wilbur│Thompson LLP, 221 Main Street, Suite 1600, San Francisco, California 94105. I am readily familiar with the business practices of Cook│Roos│Wilbur│Thompson LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence will be deposited with the United States Postal Service on the same day it is collected and processed by Cook│Roos│Wilbur│Thompson LLP in the ordinary course of business.

On July 10, 2008 at the offices of Cook│Roos│Wilbur│Thompson LLP, 221 Main Street, Suite 1600, San Francisco, California 94105, I served the following document(s):

### DEFENDANT'S ANSWER TO COMPLAINT

by placing a copy in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

William Gaus
Barbara L. Harris Chiang
Dillingham & Murphy LLP
225 Bush Street, 6th Floor
San Francisco, CA 94104-4207

and by sealing the envelopes and placing them for collection and mailing with postage thereon fully prepaid in accordance with the ordinary business practices of Cook│Roos│Wilbur│Thompson LLP.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 10, 2008 at San Francisco, California.

_Sandra Savage_
Sandra Savage

0-posmailSuperior.doc