United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DRUMM,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MORNINGSTAR, INC.,<br><br>　　　　　　Defendant. | NO. C 08-3362 TEH<br><br>**ORDER REGARDING<br>DISCOVERY DISPUTE** |

　　　　The Court is in receipt of the parties' two-page letter briefs regarding their dispute about the discoverability of communications between the Plaintiff and his psychotherapist, Dr. Alan Kubler. As the Court can resolve these matters on the submitted papers, no phone conference is necessary.

　　　　Pursuant to Federal Rule of Evidence 501, as "State law [here] supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with" California state law. The question before the Court is the interpretation of California Evidence Code § 1014, which privileges communications between a patient and the patient's psychotherapist, and California Evidence Code § 1016, which creates an exception to that privilege when the communication is "relevant to an issue concerning the mental or emotional condition of the patient if such issue has been tendered by [t]he patient."

　　　　Under the controlling authority of *In Re Lifschutz*, 2 Cal.3d 415, 431 (1970), "the patient-litigant exception allows only a limited inquiry into the confidences of the psychotherapist-patient relationship, compelling disclosure of only those matters directly

1  relevant to the nature of the specific 'emotional or mental' condition which the patient has
2  voluntarily disclosed and tendered in his pleadings or in answer to discovery inquiries."

3  Accordingly, the Supreme Court construed the exception "not as a complete waiver
4  of the privilege but only as a limited waiver concomitant with the purposes of the exception."
5  *Id*. at 435.  Consistent with that construal, the court reasoned that a general claim "does
6  create the possibility that some feature of plaintiff's psychological history will be directly
7  relevant to the determination of whether his emotional or mental distress can be properly
8  attributed" to the conduct underlying the legal claim.  *Id.* at 436.

9  The Court concludes that what is relevant to the specific claims of "stress and
10 distress"  raised in the instant matter are any communications Plaintiff has with Dr. Kubler
11 regarding his termination.  Accordingly, the Court orders discovery consistent with a limited
12 inquiry into communications between Plaintiff and Dr. Kubler that occurred after the
13 termination that is the central issue in this suit.  Discovery is further limited to matters in
14 those communications relating to the alleged emotional conditions/ distress caused by the
15 termination.  No other discovery into the communications between Plaintiff and Dr. Kubler
16 shall be permitted.

17 The *Lifschutz* court made clear that to assert the privilege, the patient bears the burden
18 of speaking generally to the topic of the communication with the psychotherapist in order to
19 show that it was irrelevant.  *Id*. at 437.  Defendant's brief indicates that the Plaintiff only
20 spoke generally of topics covered in his therapy sessions and did not discuss the substance of
21 his communications with the therapist; accordingly, no waiver of the privilege has occurred.

**IT IS SO ORDERED.**

Dated: April 2, 2009

Thelton E. Henderson
United States District Judge

2