IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DRUMM,

    Plaintiff,

v.

MORNINGSTAR, INC.,

    Defendant.

NO. C08-3362 TEH

ORDER RE: PRETRIAL CONFERENCE

The Court has reviewed the parties' written arguments on Defendant Morningstar Inc.'s motion for reconsideration, as well as all of the pretrial papers. The Court issues this order to help guide the parties' discussion at the upcoming pretrial conference.

First, contrary to Drumm's proposed jury instructions, there is no breach of contract claim in this case. The only claim related to commissions is Drumm's fourth cause of action for failure to make immediate payment of wage upon discharge and for waiting time penalties under California Labor Code sections 201 and 203.

However, contract principles are not irrelevant to Drumm's claim under the Labor Code. Wages under the California Labor Code include commissions, and the parties agree that where, as here, there is a written commission policy, contract law governs the employee's right to commission. Drumm admits that quantum meruit does not apply to this case, but he asserts that procuring cause, substantial performance, prevention of performance, and unconscionability are relevant. Morningstar disputes that any of these theories apply and further argues that Drumm has not properly pleaded them in any event.

The Court will not allow Drumm to present any evidence or argument regarding unconscionability as that issue was not raised until Drumm's opposition to Morningstar's motion for reconsideration. *See, e.g., Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*

*& Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (citation and internal quotations omitted)); *Nein v. HostPro, Inc.*, 174 Cal. App. 4th 833, 853 n.6 ("[B]ecause plaintiff did not plead that the employment agreement was unconscionable, we do not reach the issue."). As to the other contract theories espoused by Drumm, it appears that Drumm may have raised them for the first time in opposing Defendants' motion for summary judgment, and the Court remains undecided as to whether to allow them into the case. *See, e.g., Matthews v. Xerox Corp.*, 319 F. Supp. 2d 1166, 1172 (S.D. Cal. 2004) ("[A] plaintiff may not raise a new theory of liability for the first time, after the close of discovery, in his opposition to summary judgment without amending his complaint."). The Court intends to allow presentation of these theories to the jury, and reserve a final ruling on the issue, unless it determines prior to trial that Morningstar's motion for reconsideration should be granted.

To assist the Court in determining proper jury instructions, each party will have ten minutes to address the following issues at the pretrial conference:

<u>For Drumm</u>

1. Do you contend that Drumm was owed commission *at the time of his termination* despite the fact that the Schwab contract was not signed until after his termination? If not, how does Drumm's commission claim fall within the scope of California Labor Code sections 201 and 203?

2. Even if the jury were to find that Drumm was the procuring cause of Schwab's renewal contract and that Morningstar prevented him from completing the remaining conditions precedent under the commission policy by terminating him, why wouldn't Drumm's claim nonetheless be barred by the provision in the policy that employees are not entitled to commissions that become due and owing only after the termination of their employment?

3. Did you raise your contract theories at any time prior to the opposition to Morningstar's motion for summary judgment? If not, why isn't Morningstar correct that it

2

would be unfairly prejudiced by being denied the opportunity to conduct discovery on those theories?

<u>For both parties</u>

4. Are procuring cause and substantial performance distinct, or is procuring cause simply one way of demonstrating substantial performance in this case?

5. Can there be more than one procuring cause?

6. Is the cause of Drumm's termination relevant? That is, would any of Drumm's contract theories provide recovery on his Labor Code claim even if the jury were to believe that Drumm was terminated for cause? If not, does the Court's summary judgment ruling on Drumm's discrimination claim mandate summary judgment on Drumm's commission claim?

<u>For Morningstar</u>

7. Suppose Morningstar had an undisputed model employee who had performed 98% of the work on an account, and that the company terminated the employee without cause and admitted in a document uncovered during discovery that it did so simply to avoid paying commission on that account. Is it your position that no theory would allow that employee to recover a commission?

**IT IS SO ORDERED.**

Dated: 10/01/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT