IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DRUMM,

    Plaintiff,

v.

MORNINGSTAR, INC.,

    Defendant.

NO. C08-03362 TEH

ORDER ON OBJECTIONS TO JURY INSTRUCTIONS, MOTIONS IN LIMINE AND MOTION TO STRIKE

    The Court has reviewed the parties' motions in limine, Defendant Morningstar, Inc.'s motion to strike, and the parties' proposed jury instructions and objections thereto. In an effort to guide the parties' final preparations for trial, the Court issues this Order to address the following outstanding issues: (i) whether the claims to be tried include Morningstar's failure to timely pay a commission to Plaintiff Michael Drumm for his work on the Franklin Templeton account; and (ii) the evidentiary questions raised by both parties' motions in limine and by Morningstar's motion to strike.

## I.    ISSUES FOR TRIAL

    Drumm brought four causes of action in his complaint. Three of those claims, based on Drumm's assertion that he was improperly terminated on the basis of sexual orientation, were dismissed by this Court's August 24 summary judgment order. Drumm's fourth claim for unpaid wages and waiting time penalties based on Morningstar's failure to pay two sums – a commission for renegotiating the Schwab contract, and the value of Drumm's vested but unused sabbatical leave – survived summary judgment. On Morningstar's motion for reconsideration, however, the Court also granted summary judgment as to Drumm's claim for the Schwab commission. The Court concluded that "the only claim remaining for trial is Drumm's claim for unpaid vacation based on Morningstar's sabbatical policy." Order

Granting Defendant's Motion for Reconsideration on Commission Claim at 6. The Court ordered the parties to file revised proposed jury instructions and verdict forms – and objections to the opposing party's proposals – by October 15.

In the parties' objections, it came to the Court's attention – for the first time – that Drumm is still asserting a claim based on an unpaid commission. Drumm alleges that he had not been paid for his work on the Franklin Templeton transaction at the time of his termination. Although it appears Drumm was later paid this commission, he argues that Morningstar's failure to pay it upon his termination is a basis for the imposition of waiting time penalties.

Drumm had ample opportunity to raise these facts earlier. His allegations in the complaint regarding the nonpayment of commission relate only to the Schwab contract renegotiation. Drumm never raised the Franklin Templeton commission in opposition to Morningstar's motion for summary judgment or motion for reconsideration. In ruling on the latter, the Court explicitly concluded that only the unpaid vacation claim would be tried. The parties' joint pretrial conference statement is likewise silent as to Franklin Templeton. Drumm claims, in his objections to Morningstar's proposed jury instructions, that "in discovery, he identified this amount as a basis for the claim of wages not paid at the time of termination." Plaintiff's Objections to Defendant's Proposed Jury Instructions, at 1-2. However, he fails to reference any discovery document supporting this assertion. Drumm's only evidence that this claim was previously asserted is a December 2007 letter from Morningstar's counsel acknowledging that Drumm was owed an additional $4,500.27 in commission, which would be paid at the end of the quarter. This letter predates this litigation and in no way supports Drumm's position.

Drumm cannot, at this late hour, allege an additional basis for the imposition of waiting time penalties against Morningstar. The pretrial conference, at the very latest, would have been Drumm's last opportunity to fairly and timely apprise the Court and Morningstar of this shadowy issue. The only issue to be tried is Morningstar's alleged failure to pay

Drumm for accrued but unused vacation. Drumm has waived his claim for waiting time penalties based on the Franklin Templeton commission.

## II. MOTIONS IN LIMINE AND MOTION TO STRIKE

Both parties filed timely motions in limine on September 29, 2009. These motions preceded the Court's October 8 ruling on Morningstar's motion for reconsideration, which narrowed the issues for trial by eliminating Drumm's commission claim. Drumm filed five additional motions in limine on October 16. Morningstar has moved to strike these motions as untimely.

The Court admonishes Drumm for filing motions in limine only four days in advance of trial in clear defiance of deadlines set by this Court. However, the Court will not deny Drumm's motions exclusively on the basis of timeliness, as requested in Morningstar's motion to strike, particularly where the motions raise objections that Drumm may anyhow assert as evidence is introduced during trial. The power to make in limine rulings is part of "the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 (1984). The Court issues the following rulings and guidance with respect to both parties' motions in limine, and, where noted, will hear argument on the motions before jury selection begins.

### A. Morningstar's Motion in Limine to Exclude Trial Exhibit 4 from Evidence

Morningstar moves to exclude Drumm's Exhibit 4, an annotated calendar summarizing emails to identify work Drumm performed on the Schwab account from January to March, 2007. Given that the Schwab commission claim is no longer being tried, the Court questions its relevance and therefore presumes it will not be offered at trial. If Drumm's intent is otherwise, the Court will hear argument on this motion before jury selection begins.

//

//

### B. Morningstar's Motion in Limine to Bar Evidence Regarding Breach of Contract and Related Equitable Doctrines

Morningstar moves to preclude Drumm from presenting evidence regarding beach of contract or equitable doctrines that could excuse his failure to satisfy the conditions in his commission plan. This motion is moot because Drumm's commission claim has been dismissed and the evidence described in Morningstar's motion is not relevant to the only remaining claim.

### C. Drumm's Motions in Limine Nos. 1 and 3

Drumm objects to the introduction of emails that "are of a very private nature between Plaintiff and a man he was dating," as they "are clearly calculated to distract the jury." Defendant's Motion in Limine No. 1, at 3. Morningstar argues that these exhibits are relevant as they show he made personal appointments during the workday. Although the Court agrees with Morningstar that such emails are relevant to the extent they may establish time taken off by Drumm, the intimate nature of the emails is also likely to distract. The Court proposes that the parties meet and confer to agree on redactions to the disputed exhibits that would preserve relevant content while excluding intimate communications. The parties may also stipulate to the time Drumm took for personal matters, rather than introduce the disputed exhibits. The Court will entertain argument on this issue before jury selection begins.

### D. Drumm's Motions in Limine Nos. 2 and 4

Drumm's timely Motion in Limine No. 2, and his untimely Motion No. 4, both seek to preclude Morningstar from presenting exhibits dealing with his termination. However, Drumm identifies different exhibits in each motion: Motion No. 2 addresses Morningstar's Exhibits H, I, J, R, S, and T (identified in the motion as Exhibits S, PP, QQ, RR, OOO, PPP, and QQQ, using Morningstar's previous identifiers), and Motion No. 4 addresses Exhibits B,

4

1  D, E, K, L, M, N O, Q and X.  It is unclear whether Drumm's fourth motion is meant to
2  supplement or displace his second motion.
3      Without ruling on specific exhibits, the Court observes that any evidence introduced
4  *only* to establish the basis for Drumm's termination is not relevant to the claim for vacation
5  pay being tried.  The Court will entertain argument on this issue before jury selection begins.

### E. Drumm's Motion in Limine No. 5

Drumm moves to exclude Morningstar's Exhibits F, V, and W, which are opinion letters issued by the California Department of Industrial Relations.  The opinion letters relate only to the legal question of what criteria to apply to determine whether a sabbatical is considered a vacation for purposes of California Labor Code section 227.3.  Such questions of law are not for the jury to decide, but will be presented to jurors in the form of instructions.  The Court is therefore inclined to grant Drumm's Motion in Limine No. 5, but will entertain argument before jury selection begins.

### F. Drumm's Motion in Limine No. 6

Drumm moves to exclude Morningstar's Exhibit G, a summary of vacation time based on entries from Drumm's calendar, because the individuals through whom the document will be introduced did not create it. Summary exhibits are governed by Rule 1006 of the Federal Rules of Evidence.  "A proponent of a summary exhibit must establish a foundation that (1) the underlying materials on which the summary exhibit is based are admissible in evidence, and (2) those underlying materials were made available to the opposing party for inspection." *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1997).  The Court will entertain argument on this issue before jury selection begins.

### G. Drumm's Motion in Limine No. 7

Drumm moves to exclude Morningstar's Exhibits S and T, two email chains documenting efforts by his supervisor Connie Resendes to access his email account

1  following his termination.  The Court does not perceive how these emails are relevant to the
2  one remaining issue to be tried, but will entertain argument on this issue before jury selection
3  begins.

5  **IT IS SO ORDERED.**

7  Dated: 10/19/2009

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT